UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| GAIL WALLER, | : | Case No. 1:04-cv-775 |
| Plaintiff, | : | Dlott, J. |
| | : | Black, M.J. |
| vs. | : | |
| FLAHERTY & COLLINS PROPERTIES, *et al.*, | : | |
| Defendants. | : | |

### REPORT AND RECOMMENDATION[1] THAT: (1) THE COMPLAINT BE DISMISSED FOR LACK OF PROSECUTION; (2) DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS (Doc. 13) BE DENIED AS MOOT; AND (3) THIS CASE BE CLOSED

Plaintiff initiated this employment discrimination action on November 3, 2004, by filing a motion for leave to proceed *in forma pauperis* and tendering a *pro se* complaint. The motion was granted and the complaint was filed on November 16, 2004. (*See* Docs. 2-3.)

On April 1, 2005, defendants filed their proposed discovery plan. (Doc. 14.) Defendants alleged in the plan that they conducted a discovery conference pursuant to Fed. R. Civ. P. 26(f) with plaintiff on March 11, 2005; that they had a telephone

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

conference with her on March 28, 2005, to discuss the proposed discovery plan; and that they had not heard from her and were unable to contact her since that time.  (*Id.* at 1-2.) Defendants further alleged that plaintiff failed to make initial disclosures under Fed. R. Civ. P. 26(a)(1) by the agreed upon date of March 25, 2005.  (*See id.*)

On April 1, 2005, defendants also filed a motion for judgment on the pleadings, to which plaintiff did not respond.  (Doc. 13.)  On July 15, 2005, the Court ordered plaintiff to show cause on or before August 2, 2005 why the motion should not be construed as unopposed and granted.  (Doc. 17).  The Order to Show Cause noted the Court's inherent power to dismiss civil actions *sua sponte* for lack of prosecution.  *See Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962).

Plaintiff has not responded to the Court's Order To Show Cause and has not filed any motion, memoranda, or other document in this case since November 4, 2004, nearly one year ago, when she tendered her complaint.

Although the Court prefers to adjudicate cases on their merits, plaintiff has engaged in a clear pattern of delay by failing to respond to the Court's Order to Show Cause and by not prosecuting her case in any manner since participating in the discovery conference on March 11, 2005, more than six months ago.  Plaintiff's clear pattern of delay warrants dismissal of this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.  *See Link,* 370 U.S. at 630-31 (1962); *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991); *see also Murray v. Target Dept. Stores*, 56 Fed. Appx. 246, 246-47 (6th Cir. Feb 14, 2003) (affirming dismissal of employment discrimination case for lack of

prosecution where plaintiff failed to comply with orders of the court or to further the prosecution of her case).

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint (Doc. 2) be **DISMISSED WITHOUT PREJUDICE** for lack of prosecution pursuant to Fed. R. Civ. P. 41(b);

2. Defendants' motion for judgment on the pleadings (Doc. 13) be **DENIED AS MOOT**; and

3. This case be **CLOSED.**


Date:  10/17/05                             s/Timothy S. Black
                                            Timothy S. Black
                                            United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| GAIL WALLER, | : | Case No. 1:04-cv-775 |
| Plaintiff, | : | Dlott, J. |
| | | Black, M.J. |
| | : | |
| vs. | | |
| | : | |
| FLAHERTY & COLLINS PROPERTIES, et al., | : | |
| Defendants. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation within **TEN DAYS** after being served with a copy thereof. That period may be extended by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to an opponent's objections within **TEN DAYS** after being served with a copy those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).